1  John F. Cermak, Jr.  (SBN 146799)
   Sonja A. Inglin (SBN 90799)
2  Robert A. Ackermann (SBN 155570)
   JENKENS & GILCHRIST, LLP
3  12100 Wilshire Boulevard, 15th Floor
   Los Angeles, California  90025-7120
4  Telephone:      (310) 820-8800
   Facsimile:      (310) 820-8859
5
   Attorneys for Defendants
6  SAFETY-KLEEN (LOS ANGELES), INC.,
   OIL PROCESS COMPANY, a partnership,
7  JOHN J. LIDYOFF and DAVID J. LIDYOFF
8
9
10
11

FILED
CLERK, U.S. DISTRICT COURT

12 - 12 - 01

DEC 1 2 2001

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
12 McDONNELL DOUGLAS CORPORATION, | ) | CASE NO. CV 99-10159 WMB (MCx) |
13 | ) | [PROPOSED] CONSENT DECREE |
   Plaintiff, | ) |
14 | ) |
   v. | ) |
15 OIL PROCESS COMPANY, a | ) |
   partnership; OIL, INC.; | ) |
16 ROLLINS O.P.C., INC.; LAIDLAW | ) |
   ENVIRONMENTAL SERVICES (LOS | ) |
17 ANGELES), INC.; SAFETY-KLEEN | ) |
   (LOS ANGELES) INC.; JOHN J. | ) |
18 LIDYOFF; DAVID J. LIDYOFF, | ) |
19 | ) |
   Defendants. | ) |
20

Priority ___
Send ✓
Clsd ✓
Enter ✓
JS-5/JS-6 ✓
JS-2/JS-3 ___

Docketed ✓
Copies / NTC Sent ✓
JS - 5 / JS - 6
JS - 2 / JS - 3
CLSD

21

22      This Consent Decree is entered into by plaintiff MCDONNELL

23 DOUGLAS CORPORATION ("MDC"), on the one hand, and defendants

24 SAFETY-KLEEN (LOS ANGELES), INC. ("Safety-Kleen LA") and JOHN

25 LIDYOFF and DAVID LIDYOFF, individually and in their capacity as

26 former partners of Oil Process Company, a dissolved general

27 partnership, and Oil Process Company (collectively, the

28 "Lidyoffs"), on the other hand.  MDC, Safety-Kleen LA and the

[PROPOSED] CONSENT DECREE

1   Lidyoffs are referred individually as a "Party" and collectively,

2   as the "Parties."  This Consent Decree is entered into with

3   reference to the following:

4        A.   MDC filed this action (the "Action") against Safety-

5   Kleen LA and the Lidyoffs (collectively, "Defendants"), seeking

6   to recover more than $13 million in (i) costs it contends that it

7   has incurred, and (ii) future costs that it contends it will

8   incur, as a result of being named as a responsible party under

9   the Comprehensive Environmental Response, Compensation and

10  Liability Act, 42 U.S.C. Section 9601 *et seq.* ("CERCLA") at the

11  Operating Industries, Inc. and Casmalia Superfund Sites (the

12  "Sites") and in connection with personal injury lawsuits filed in

13  connection with the Operating Industries, Inc. Site.  In its

14  complaint (the "Complaint"), MDC alleges that Defendants

15  transported MDC's waste to the Sites and are liable for costs it

16  has incurred with respect to the Sites, based on certain written

17  indemnity contracts with Defendants and under the provisions of

18  CERCLA.

19       B.   On June 9, 2000, Safety-Kleen Corp. and certain of its

20  subsidiaries and affiliates, including Safety-Kleen LA, filed

21  petitions for relief under Chapter 11 of the United States

22  Bankruptcy Code in the United States Bankruptcy Court for the

23  District of Delaware (the "Bankruptcy Court"), Case No. 00-0203

24  (PJW) (Jointly Administered) (the "Chapter 11 Cases").  On or

25  about October 30, 2000, MDC filed a proof of claim asserting a

26  general claim against Safety-Kleen LA with respect to the claims

27  which are the basis of this Action.  The proof of claim has been

28  ///

[PROPOSED] CONSENT DECREE

2

1  designated as Claim No. 8306JW in the Chapter 11 Cases (the "MDC

2  Claim").

3      C.    On or about November 16, 2000, the Bankruptcy Court

4  entered an order which, among other things, lifted the automatic

5  stay as of February 1, 2001 to permit MDC to prosecute this

6  Action to determine the amount of the MDC Claim.

7      D.    Subsequent to February 1, 2001, the Parties have

8  engaged in settlement negotiations, as a result of which they

9  have agreed to settle this Action on the following terms: (1) MDC

10 will have an allowed general unsecured claim in Safety-Kleen LA's

11 Chapter 11 Case in the amount of $6,000,000 with respect to the

12 Sites; and (2) MDC, on the one hand, and Defendants, on the other

13 hand, will enter into a mutual release with respect to all claims

14 asserted in the Action.

15     E.    This settlement is a resolution of disputed claims

16 which each of the Defendants enters into without admitting

17 liability.

18     F.    The effectiveness of the settlement is conditioned upon

19 the entry of this Consent Decree by this Court and entry by the

20 Bankruptcy Court of a final, non-appealable order allowing the

21 MDC Claim as a general unsecured claim in Safety-Kleen LA's

22 Chapter 11 Case in the amount of $6,000,000 with respect to the

23 Sites (the "Bankruptcy Order"). Upon entry of the Bankruptcy

24 Order, this Action will be dismissed with prejudice as to all

25 Defendants, with each Party to bear his or its own costs and

26 attorneys' fees.

27 ///

28 ///

[PROPOSED] CONSENT DECREE

3

IT IS HEREBY AGREED:

1.    MDC will accept, in full and complete settlement, satisfaction, release, and discharge of its claims against Defendants in this Action, an allowed, general unsecured claim against Safety-Kleen LA in Safety-Kleen LA's Chapter 11 Case in the amount of SIX MILLION DOLLARS ($6,000,000) with respect to the Sites.

2.    This Consent Decree is contingent upon entry by the Bankruptcy Court of the Bankruptcy Order providing that the MDC Claim shall be an allowed general unsecured claim in the amount of $6,000,000.  MDC and Safety-Kleen LA shall, upon entry of this Consent Decree, take such steps as are reasonably required to promptly obtain entry of the Bankruptcy Order.  The Parties shall report to the Court within sixty (60) days of entry of this Consent Decree as to the status of efforts to obtain the Bankruptcy Order, and upon entry by the Bankruptcy Court of the Bankruptcy Order, shall so notify the Court.

3.    Effective upon notice to this Court of the entry of the Bankruptcy Order: (a) the releases set forth below in Paragraphs 4 and 5 shall become effective; and (b) this Action shall be dismissed with prejudice as to all Defendants, with each Party to bear its own costs and attorneys' fees.

4.    Effective as provided in Paragraph 3, MDC, for itself, its successors and assigns, releases and covenants not to sue (a) Safety-Kleen LA (by that name and by its former corporate names of Oil, Inc., Rollins O.P.C., Inc. and Laidlaw Environmental (Los Angeles), Inc. and as to all fictitious names under which it has done business, including Oil Process Company) and its officers,

[PROPOSED] CONSENT DECREE

4

1  directors, employees, agents, attorneys, predecessors (including
2  without limitation, the Oil Process Company partnership),
3  successors, parent companies and assigns, and (b) the Lidyoffs,
4  individually and as in their capacity as former partners of the
5  Oil Process Company partnership, and their respective employees,
6  agents, attorneys, heirs, personal representatives, successors
7  and assigns, and each of them, for all past, present and future
8  claims, demands, causes, causes of action, losses, obligations,
9  direct or consequential damages, liens, costs, expenses, fees,
10  and liabilities of whatever nature, at law, equity or otherwise,
11  whether accrued or unaccrued, known or unknown, suspected or
12  unsuspected, whether based on contract, common law or any
13  existing or subsequently enacted or revised law, regulation or
14  order, which have arisen, hereafter arise or may arise in the
15  future, directly or indirectly out of or relating to the
16  transportation of MDC's waste to the Sites and/or the disposal of
17  such waste, including without limitation, any such claims,
18  demands, causes, causes of action, losses, obligations, direct or
19  consequential damages, liens, costs, expenses, fees, and
20  liabilities related to the Sites that: (1) were asserted or could
21  have been asserted by MDC in this Action; (2) arise out of or
22  relate to MDC's identification as a potentially responsible party
23  ("PRP") under CERCLA with respect to the Sites and its liability,
24  obligation or payment in the past or future of any "costs of
25  response" (as such term is defined in CERCLA) or of any other
26  cost, expense or attorneys' fees with respect to the Sites; (3)
27  arise out of any personal injury, property damage or other claim
28  made against MDC by third parties arising out of or related to

[PROPOSED] CONSENT DECREE

1   MDC's involvement and identification as a PRP at the Operating

2   Industries, Inc. Site, including *Abalo v. Chevron Chemical*

3   *Company, et al.*, Los Angeles Superior Court Case No. BC 112185,

4   and *Arviso v. 21 International, Inc., et al.*, Los Angeles

5   Superior Court Case No. BC142247; (4) have arisen or may arise in

6   the future under CERCLA, the California Hazardous Substances

7   Control Act, California Health & Safety Code Section 25200 *et*

8   *seq.* or any other environmental statute; and (5) any contracts

9   between MDC and Defendants, or any of them, regarding the

10  transportation of MDC's waste, including without limitation, the

11  contracts referred to in the Complaint, dated on or about March

12  1, 1975 (Contract No. S&S-160950-C), April 27, 1981 (Contract No.

13  S&S-20973-CH), June 27, 1982 (Contract No. S&S-29073-CH Rev.) and

14  April 27, 1985 (Contract No. S&S-22475-CH), as such contracts

15  were from time to time amended (the "Contracts").

16      5.   Effective as provided in Paragraph 3, Safety-Kleen LA,

17  for itself, its successors and assigns, and the Lidyoffs,

18  individually and in their capacity as partners of Oil Process

19  Company, a dissolved general partnership, release and covenant

20  not to sue MDC and its officers, directors, employees, agents,

21  attorneys, predecessors, successors, parent companies and

22  assigns, for all past, present and future claims, demands,

23  causes, causes of action, losses, obligations, direct or

24  consequential damages, liens, costs, expenses, fees, and

25  liabilities of whatever nature, at law, equity or otherwise,

26  whether accrued or unaccrued, known or unknown, suspected or

27  unsuspected, whether based on contract, common law or any

28  existing or subsequently enacted or revised law, regulation or

[PROPOSED] CONSENT DECREE

1   order, which have arisen, hereafter arise or may arise in the

2   future, directly or indirectly out of or relating to the

3   transportation of MDC's waste to the Sites and/or the disposal of

4   such waste, including without limitation, any such claims,

5   demands, causes, causes of action, losses, obligations, direct or

6   consequential damages, liens, costs, expenses, fees, and

7   liabilities related to the Sites that: (1) were asserted or could

8   have been asserted by MDC in this Action; (2) arise out of or

9   relate to MDC's identification as a PRP under CERCLA with respect

10   to the Sites and its liability, obligation or payment in the past

11   or future of any "costs of response" (as such term is defined in

12   CERCLA) or of any other cost, expense or attorneys' fees with

13   respect to the Sites; (3) arise out of any personal injury,

14   property damage or other claim made against MDC by third parties

15   arising out of or related to MDC's involvement and identification

16   as a PRP at the Operating Industries, Inc. Site; (4) have arisen

17   or may arise in the future under CERCLA, the California Hazardous

18   Substances Control Act, California Health & Safety Code Section

19   25200 *et seq.* or any other environmental statute; and (5) any

20   contracts between MDC and Defendants, or any of them, regarding

21   the transportation of MDC's waste, including without limitation,

22   the Contracts.

23       6.   MDC, with respect to the release and covenant not to

24   sue contained in Paragraph 4, and Safety-Kleen LA and the

25   Lidyoffs, with respect to the release and covenant not to sue

26   contained in Paragraph 5, hereby each waives the provisions of

27   California Civil Code Section 1542, which provides as follows:

28

[PROPOSED] CONSENT DECREE

7

1     A general release does not extend to claims which the

2     creditor does not know or suspect to exist in his favor

3     at the time of executing the release, which if known by

4     him must have materially affected his settlement with

5     the debtor.

6 With respect to the releases he or it has given, each Party

7 represents and warrants that he or it has not assigned or

8 transferred, or purported to assign or transfer, whether

9 voluntarily, involuntarily, or by operation of law, any claim,

10 cause of action, or matter released pursuant to this Consent

11 Decree.

12 ///

13 ///

14 ///

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

[PROPOSED] CONSENT DECREE

8

7.   Nothing contained in this Consent Decree is a release of MDC's right to receive a distribution on account of the MDC Claim pursuant to any confirmed plan of reorganization for Safety-Kleen LA, or of any claim that the Lidyoffs may have against Safety-Kleen LA or Safety-Kleen Corp., including claims in the Chapter 11 Cases.

Dated:  November 21, 2001      McDONNELL DOUGLAS CORPORATION


By: _____
    Name: David Cohen
    Title: Counsel


Dated:  November ___, 2001      SAFETY-KLEEN (LOS ANGELES), INC.


By: _____
    Name:
    Title:

Dated:  November ___, 2001


_____
John Lidyoff, individually and on behalf of and as a general partner of Oil Process Company, a dissolved general partnership

Dated:  November ___, 2001


_____
David Lidyoff, individually and on behalf of and as a general partner of Oil Process Company, a dissolved general partnership

Approved as to form:


[PROPOSED] CONSENT DECREE

9

1       7.    Nothing contained in this Consent Decree is a release
2  of MDC's right to *receive a distribution on account of the MDC*
3  *Claim pursuant to any confirmed plan of reorganization for*
4  Safety-Kleen LA, or of any claim that the Lidyoffs may have
5  against Safety-Kleen LA or Safety-Kleen Corp., including claims
6  in the Chapter 11 Cases.

7

8  Dated:  November __, 2001      McDONNELL DOUGLAS CORPORATION

9

10                                By:_____
                                     Name:
11                                   Title:

12

13  Dated:  November 10, 2001      SAFETY-KLEEN (LOS ANGELES), INC.
          ~~November~~ December

14

15                                By:_____
                                     Name: Virgil W. Duffie, III
16                                   Title: Assistant Secretary

17  Dated:  November __, 2001

18                                _____
19                                John Lidyoff, individually and on
                                  behalf of and as a general partner
20                                of Oil Process Company, a dissolved
                                  general partnership
21

22  Dated:  November __, 2001

23                                _____
24                                David Lidyoff, individually and on
                                  behalf of and as a general partner
                                  of Oil Process Company, a dissolved
25                                general partnership

26

27  Approved as to form:

28

                                                    [PROPOSED] CONSENT DECREE
                                     9

7. Nothing contained in this Consent Decree is a release of MDC's right to receive a distribution on account of the MDC Claim pursuant to any confirmed plan of reorganization for Safety-Kleen LA, or of any claim that the Lidyoffs may have against Safety-Kleen LA or Safety-Kleen Corp., including claims in the Chapter 11 Cases.

Dated: November ___, 2001    McDONNELL DOUGLAS CORPORATION

By: _____
    Name:
    Title:

Dated: November ___, 2001    SAFETY-KLEEN (LOS ANGELES), INC.

By: _____
    Name:
    Title:

Dated: November 16, 2001

_____
John Lidyoff, individually and on behalf of and as a general partner of Oil Process Company, a dissolved general partnership

Dated: November 11/16/2001

_____
David Lidyoff, individually and on behalf of and as a general partner of Oil Process Company, a dissolved general partnership

Approved as to form:

[LOSANGELES 344226v, (6765-00302]

9

[PROPOSED] CONSENT DECREE

1    DATED: November _11_, 2001          JENKENS & GILCHRIST, LLP
                                         John F. Cermak, Jr.
2                                        Sonja A. Inglin
3
4                                        By: _____
5                                            Sonja A. Inglin
                                             Attorneys for Defendants
6                                            SAFETY-KLEEN(LOS ANGELES),INC.,
                                             OIL PROCESS COMPANY,a
7                                            partnership, JOHN J. LIDYOFF
                                             and DAVID J. LIDYOFF
8
9    DATED: November _20_, 2001          PETRIE & STACKLER, LLP
                                         Gregory M. Hatton
10                                       Arthur R. Petrie, II
11
12                                       By: _____
13                                           Arthur R. Petrie, II
                                             Attorneys for Plaintiff
14                                           McDONNELL DOUGLAS CORPORATION
15
          IT IS SO ORDERED.
16
17
18   DATED: _Dec 12, 2001_
19
20                                       _____
                                         WILLIAM M. BYRNE, JR.
21                                       JUDGE, UNITED STATES DISTRICT COURT
22
23
24
25
26
27
28

                                                  [PROPOSED] CONSENT DECREE

                               10

1

**PROOF OF SERVICE**

2

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 12100 Wilshire Boulevard, 15th Floor, Los Angeles, California 90025-7120. On December 11, 2001, I served the within documents:

3

4

**[PROPOSED] CONSENT DECREE**

5

6

☐ by transmitting via facsimile the above listed document(s) to the fax number(s) set forth below on this date before 5:00 p.m. The document was transmitted by facsimile transmission and that the transmission was reported as complete and without error.

7

8

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

9

10

☐ by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

11

12

Gregory M. Hatton, Esq.
Arthur R. Petrie, II, Esq.
Hatton, Petrie & Stackler LLP
20311 Birch Street, Suite 100
Newport Beach, CA 92660

13

14

15

16

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

17

18

19

20

☐ *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

21

22

☒ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

23

Executed on December 11, 2001, at Los Angeles, California.

24

25

*Linda Davis*
Linda Davis

26

27

28

LosAngeles 174504 v 1, 49785.00001